IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:25-cr-109 |
| MARKYEL MCCLAIN, | |
| Defendant. | |

### ORDER AND REPORT AND RECOMMENDATION

This matter comes before the Court on Defendant Markyel McClain's Psychiatric and Psychological Examination Report prepared by Dr. Justin Rigsbee, Ph.D., Psy.D., Forensic Psychologist at the Federal Correctional Institute, Butner, North Carolina, pursuant to 18 U.S.C. § 4241(b).  Doc.17.  Based on the entire record in this case, including the report prepared by Dr. Rigsbee and the parties' Joint Stipulation Regarding Competency, doc. 19, I find that Mr. McClain is currently incapable of understanding the charges against him and meaningfully consulting with his attorney about his defense.  Therefore, I **RECOMMEND** the Court find Defendant Markyel McClain incompetent to stand trial and proceed with this case at this time, and **RECOMMEND** that Defendant be **ORDERED** to a federal medical center for treatment for restoration to competency pursuant to 18 U.S.C. § 4241(d), indicating that the commitment period would allow for mental health treatment to assist Mr. McClain in gaining improvement in his condition, work to regain his ability to fully participate in the Court process, and determine whether or not he could be restored to competency in the foreseeable future.

**BACKGROUND**

Defendant Markyel McClain ("Mr. McClain," or "Defendant") was indicted and charged with Possession of Firearms by a Prohibited Person, 18 U.S.C. § 922(g)(1). The Court appointed James B. Smith to represent Mr. McClain. On September 25, 2025, the Court conducted an initial appearance for Defendant Markyel McClain. After interacting with Mr. McClain during the hearing, it was determined by the undersigned that Defendant may have been suffering from a mental health episode rendering him unable to participate in the hearing. Defendant was ordered to the Bureau of Prisons to undergo a Psychological Evaluation. Doc. 12. On November 18, 2025, the Court received the Forensic Evaluation Report which was conducted by Dr. Justin Rigsbee, Ph.D., Psy.D., Forensic Psychologist at the Federal Correctional Institution, Butner, North Carolina. Doc. 17.

On November 24, 2025, Counsel for Government and Defendant filed a Stipulation Regarding Competency. Doc. 19. In Dr. Rigsbee's evaluation, he opined that Mr. McClain is suffering from a mental disease or defect rendering him incapable of understanding the court proceedings or assisting in his defense. Dr. Rigsbee further states that Mr. McClain's capacities are currently impacted by his mental health symptoms to the extent he is unable to assist in his own defense. Dr. Rigsbee went on to state in his report that it is recommended that Mr. McClain be committed to a federal medical center for treatment for restoration to competency pursuant to 18 U.S.C. § 4241(d), indicating that the commitment period would allow for mental health treatment to assist Mr. McClain gaining improvement in his condition, work to regain his ability to fully participate in the Court process, and determine whether or not he could be restored to competency in the foreseeable future.

I find, by a preponderance of the evidence, and agreement of the parties, that Mr. McClain is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to under the nature and consequences of the proceedings against him or to assist properly in his defense at this time and **RECOMMENDS** that, pursuant to Title 18, United States Code, Section 4241(d)(1), Mr. McClain is committed to the custody of the Attorney General for hospitalization for treatment in a suitable facility "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." Because of Mr. McClain's medical condition, it is recommended that the designated facility be suitable for treatment of those medical conditions.

The Court further directs the director of the facility in which Defendant is hospitalized, pursuant to 18 U.S.C. § 4241(b)(e), to notify this Court when Defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense by filing a certificate with the Clerk of this Court.

**IT IS FURTHER ORDERED** that the period of time committed for treatment, restoration, evaluation of Defendant, preparation of the written report, and any resulting proceedings to determine the mental competency of Defendant, is excludable from calculation under the Speedy Trial Act. 18 U.S.C. §§ 3161(h)(l)(A), (F).

## DISCUSSION

"[C]ompetence is the base upon which other constitutional rights balance[.]" United States v. Wingo, 789 F.3d 1226, 1228 (11th Cir. 2015); see also Cooper v. Oklahoma, 517 U.S. 348, 354(1996) (The United States Supreme Court has "repeatedly and consistently recognized

that the criminal trial of an incompetent defendant violates due process.") (internal quotation and citation omitted); Eddmonds v. Peters, 93 F.3d 1307, 1314 (7th Cir. 1996) ("The Constitution forbids trial of one who, for whatever reason, is unfit to assist in his own defense because our adversarial system of justice depends on vigorous defenses.").

Incompetency means "suffering from a mental disease or defect rendering [the defendant] mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). A defendant is not entitled to a presumption of incompetency, and he assumes the burden of proof to establish his incompetency by a preponderance of the evidence. Cooper, 517 U.S. at 355; Battle v. United States, 419 F.3d 1292, 1298 (11th Cir. 2005). The legal test for competency is "whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" Godinez v. Moran, 509 U.S. 389, 396 (1993) (quoting Dusky v. United States, 362 U.S. 402 (1960)); see also United States v. Cruz, 805 F.2d 1464, 1479 (11th Cir. 1986).

"[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995). Thus, "the mere presence of a mental disease or defect is not sufficient to render a defendant incompetent . . . ." United States v. Rothman, No. 08-20895-CR, 2010 WL 3259927, at *7 (S.D. Fla. Aug. 18, 2010) (citing United States v. Liberatore, 856 F. Supp. 358, 360 (N.D. Ohio 1994)). "Incompetency to stand trial is not defined in terms of mental illness. As such, a defendant can be competent to stand

trial despite being mentally ill and similarly a defendant can be found incompetent to stand trial without being mentally ill." United States v. Williams, No. 5:06-cr-36, 2007 WL 1655371, at *5 (M.D. Fla. June 7, 2007) (internal citation and quotation marks omitted).

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court find Mr. McClain be found incompetent to stand trial and proceed with this case at this time pending medical treatment as aforementioned.  Additionally, the Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO REPORTED and RECOMMENDED**, this 1st day of December, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA