**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARKYEL MCCLAIN,<br><br>Defendant. | CASE NO.: 4:25-cr-109 |

**ORDER AND REPORT AND RECOMMENDATION**

Defendant was previously determined to be incompetent to stand trial. Doc. 21. Since that time, Brianna Grover, Psy.D., Forensic Psychologist, conducted a psychiatric evaluation of Defendant and authored a report ("the Psychiatric Report") summarizing her findings. Doc. 29. Additionally, the parties filed a Joint Stipulation Regarding Competency. Doc. 31. Based on the entire record in this case, including the reports submitted by Justin Rigsbee, Ph.D., Psy.D., doc. 17, and Brianna Grover, Psy.D., Forensic Psychologist, doc. 29, and for the reasons set forth below, I find that Defendant Markyel McClain has been restored to competency and is now able to meaningfully consult with his attorney about his defense. Therefore, I **RECOMMEND** the Court find Markyel McClain competent to stand trial and proceed with his case at this time.

**BACKGROUND**

Defendant is charged in this case with one count of Possession of Firearms by a Prohibited Person., 18, U.S.C. § 922(g)(1). Doc. 1. Specifically, Defendant is accused of possessing, in and affecting commerce, a firearm, to-wit: a Palmetto, model Dagger, 9mm caliber pistol, which had been transported in interstate commerce.

On September 25, 2025, Defendant was scheduled to appear for his Initial Appearance and Arraignment. Prior to the hearing, the United States Marshal notified the Court and defense

counsel that Defendant was exhibiting signs of a mental health episode. The Court went on the record with defense counsel and counsel for the Government to address the mental episode. The Court then attempted to meet with Defendant in the cell block of the United States Marshal's office in the presence of defense counsel. The Court determined that Mr. McClain may be suffering from a mental defect or disease such that he may not be competent to stand trial. Mr. McClain's counsel agreed. The Assistant United States Attorney assigned to this case informed the Court during the hearing that the Government did not oppose an order for a competency evaluation. Ultimately, the Court found there was reasonable cause to believe Mr. McClain may be suffering from a mental disease or defect rendering him mentally incompetent and, therefore, the requested evaluation was appropriate.

On September 25, 2025, the Court Ordered that Defendant undergo a psychological evaluation in accordance with Title 18 U.S.C. § 4241(b), and **ORDERED** Mr. McClain be transferred to a medical facility within the Bureau of Prisons in order to be evaluated by a psychiatrist or psychologist to determine whether he is competent to stand trial pursuant to 18 U.S.C. § 4241.

On November 18, 2025, the Court received a report conducted by Justin Rigsbee, Ph.D., Psy.D., Forensic Psychologist. Doc. 17. In the report, Dr. Rigsbee stated in his opinion that Markyel was not competent to stand trial and recommended that Mr. McClain be committed to the custody of the Attorney General for restoration to competency, pursuant to Title 18, U.S. Code, Section 4241(d).

On December 1, 2025, the Court issued a Report and Recommendation, recommending that the Court find that Defendant was not competent to stand trial and order Defendant to be transferred to a medical facility within the Bureau of Prisons for treatment and restoration. Doc.

20. The Report and Recommendation was adopted on December 30, 2026, doc. 21, and the Defendant was ordered to continue treatment for restoration within the Bureau of Prisons.

On July 14, 2026, the Court received the post-treatment and restoration psychiatric evaluation prepared by Dr. Brianna Grover, Psy.D. Doc. 29. Dr. Grover opined in the report that McClain suffers from a mental disease or defect, but the symptoms are not of sufficient severity to render him not competent to proceed at this time. Dr. Grover goes on to stay that Mr. McClain possesses a factual and rational understanding of the proceedings against him, appreciates his situation in reference to those proceedings, is able to maintain appropriate courtroom behavior, and is able to assist in his defense in a reasonable, rational manner. The report also states that Defendant's competency is entirely contingent on his continued compliance with psychotropic medication. Defendant's prognosis for remaining competent to resolve his legal situation is good as long as he continues taking medication. If Defendant stops taking medication, re-evaluation may be warranted.

The parties filed a Notice of Stipulation Regarding Competency on July 23, 2026. Doc. 31. I conducted a hearing on August 21, 2026. During the hearing, the parties stated that they stipulated to the findings by Dr. Grover as to Markyel McClain's ability to proceed to trial. Doc. 29.

**DISCUSSION**

"[C]ompetence is the base upon which other constitutional rights balance[.]" United States v. Wingo, 789 F.3d 1226, 1228 (11th Cir. 2015); see also Cooper v. Oklahoma, 517 U.S. 348, 354(1996) (The United States Supreme Court has "repeatedly and consistently recognized that the criminal trial of an incompetent defendant violates due process.") (internal quotation and citation omitted); Eddmonds v. Peters, 93 F.3d 1307, 1314 (7th Cir. 1996) ("The Constitution

forbids trial of one who, for whatever reason, is unfit to assist in his own defense because our adversarial system of justice depends on vigorous defenses.”).

Incompetency means “suffering from a mental disease or defect rendering [the defendant] mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.” 18 U.S.C. § 4241(a). A defendant is not entitled to a presumption of incompetency, and he assumes the burden of proof to establish his incompetency by a preponderance of the evidence. Cooper, 517 U.S. at 355; Battle v. United States, 419 F.3d 1292, 1298 (11th Cir. 2005). The legal test for competency is “whether the defendant ‘has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding’ and has ‘a rational as well as factual understanding of the proceedings against him.’” Godinez v. Moran, 509 U.S. 389, 396 (1993) (quoting Dusky v. United States, 362 U.S. 402 (1960)); see also United States v. Cruz, 805 F.2d 1464, 1479 (11th Cir. 1986).

“[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges.” Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995). Thus, “the mere presence of a mental disease or defect is not sufficient to render a defendant incompetent . . . .” United States v. Rothman, No. 08-20895-CR, 2010 WL 3259927, at *7 (S.D. Fla. Aug. 18, 2010) (citing United States v. Liberatore, 856 F. Supp. 358, 360 (N.D. Ohio 1994)). “Incompetency to stand trial is not defined in terms of mental illness. As such, a defendant can be competent to stand trial despite being mentally ill and similarly a defendant can be found incompetent to stand trial without being mentally ill.” United States v. Williams, No. 5:06-cr-36, 2007 WL 1655371, at *5 (M.D. Fla. June 7, 2007) (internal citation and quotation marks omitted).

Based on all the information before the Court, and for the reasons set forth above, I conclude Markyel McClain is competent to stand trial at this time. Markyel McClain is able to understand the nature and consequences of the proceedings against him and is able to properly assist his counsel in his defense. Therefore, I **RECOMMEND** that the Court find that Markyel McClain is now competent to stand trial.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court find that Markyel McClain is now competent to stand trial. Additionally, I **ORDER** any party seeking to object to this Report and Recommendation to file specific written objections within 7 days of the date on which this Report and Recommendation is entered. Any objections asserting that I failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions in this Report. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made in this Report. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by

or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO REPORTED and RECOMMENDED**, this 21st day of August, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA